UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.　　　　　　　　　　　　　　　　No. 03-4294

FRANK MENOKEN,
　　　　　　*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-45)

Submitted: October 1, 2003

Decided: October 14, 2003

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM,
L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United
States Attorney, W. Chad Noel, Assistant United States Attorney,
Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Frank Menoken appeals his jury conviction of conspiracy and possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841, 846 (2000) and the resulting eighty-four month sentence. Menoken challenges the district court's denial of his motion to suppress two ounces of cocaine found in his duffel bag, $6000 in cash found on his person, and incriminating statements he later made after being arrested and advised of his *Miranda* rights. We affirm.

The Fourth Amendment prohibits "unreasonable" search and seizures. A person is considered "seized" for Fourth Amendment purposes if, under all of the circumstances, a reasonable person in the position of the suspect would believe that he or she was not free to leave or to terminate the encounter. *Florida v. Bostick*, 501 U.S. 429, 436-37 (1991). We review the factual findings underlying a motion to suppress for clear error and legal determinations de novo. *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

The district court properly concluded that Menoken voluntarily answered questions by agents of the Drug Enforcement Agency ("DEA") that were asked in a non-coercive manner as he disembarked from a train. The DEA agents did not restrict Menoken's movement and did not ask to search his duffel bag until Menoken voluntarily abandoned it. The DEA agents did not accuse Menoken of wrongdoing and told him he was free to make a telephone call to the person he was in town to visit. Moreover, they repeatedly assured Menoken that he was free to end their questioning and leave at any time. In fact, Menoken did begin to leave but then stopped and voluntarily initiated

dialogue with another agent. "Circumstances where the citizen would feel free to go, but stays and has a dialogue with the officer, are considered consensual, and therefore do not implicate the Fourth Amendment." *United States v. Weaver* 282 F.3d 302, 309 (4th Cir. 2002). Under these circumstances, we find that no unlawful seizure took place that would warrant the suppression of any incriminating evidence. *See United States v. Flowers*, 912 F.2d 707, 710-12 (4th Cir. 1990); *United States v. Lehmann*, 798 F.2d 692, 694 (4th Cir. 1986).

Accordingly, we affirm the district court's denial of Menoken's motion to suppress for the reasons stated by that court in its memorandum opinion and order denying the motion. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*